**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-358-D |
| | ) | |
| DIAN HUANG JIANG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Dian Huang Jiang's Unopposed Motion to Continue Jury Trial [Doc. No. 174]. Defendant seeks a continuance of his trial from the December 2026 to the January 2027 trial docket and to continue the existing pre-trial motion deadlines. Defendant has submitted a Waiver of Right to Speedy Trial [Doc. No. 174-1], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the Motion, the Court finds that the ends of justice served by granting a month continuance outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendant's request would deprive him of a reasonable amount of time needed for further effective investigation, motion practice, and trial preparation, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances,

denying the Motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of Defendant's Motion is excludable for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion [Doc. No. 174] is **GRANTED**. This case is stricken from the December 1, 2026 trial docket and reset on the Court's January 2027 trial docket. Further, this case is stricken from the November 23, 2026 docket call, to be reset at a later date, if necessary.

**IT IS FURTHER ORDERED** that all pretrial motions pursuant to LCrR12.1 and motions in limine shall be filed on or before December 11, 2026, with responses due on December 21, 2026. Requested jury instructions and voir dire shall be filed by December 29, 2026, with objections due January 5, 2027.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE